**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **MARY CIENKUS, INDIVIDUALLY AND AS SPECIAL ADMINISTRATOR OF THE ESTATE OF MATTHEW CIENKUS, DECEASED,** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **Case No.** |
| **MATERIAL HANDLING SYSTEMS, INC., AND UNITED PARCEL SERVICE, INC.** | ) | |
| **Defendants.** | ) | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**JOINT NOTICE OF REMOVAL**

Defendants Material Handling Systems, Inc. ("MHS") and United Parcel Service, Inc. ("UPS") (collectively "Defendants"), by and through their undersigned counsel, hereby file the following Joint Notice of Removal of this action currently pending in the Circuit Court of Cook County, Illinois, Civil Case No. 2017L011605, to the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1441, and 28 U.S.C. § 1446. In support of removal, Defendants respectfully state:

1. The above-captioned case was filed in the Circuit Court of Cook County, Illinois on or about November 14, 2017 by Plaintiff Mary Cienkus, Individually and as Special Administrator of the Estate of Matthew Cienkus, Deceased ("Plaintiff"). MHS and UPS were the only named defendants.

2. Plaintiff's Complaint asserts three separate causes of action: (1) Premises Liability as to MHS; (2) Failure to Exercise Control as to MHS; and (3) Failure to Exercise Control as to UPS. Each of Plaintiff's claims is based on the contention that Plaintiff's decedent was injured and

subsequently passed away after falling from a 22 foot conveyor system while performing demolition work on a jobsite located at 150 S. Lombard Street, Addison, Illinois. *See* Compl.

3. A copy of the Complaint and summons were served on both MHS and UPS on or about November 28, 2017. The Complaint and summons constitute the sum of all process, pleadings, documents, and orders served upon Defendants to date.

4. Pursuant to 28 U.S.C. § 1446, all documents filed to date are attached to this Joint Notice of Removal as Exhibit 1.

5. Upon information and belief, Plaintiff Mary Cienkus is a resident and citizen of Illinois. Upon information and belief, at the time of his passing, the decedent, Matthew Cienkus, was a resident and a citizen of Illinois.

6. MHS's headquarters and principal place of business are in Bullitt County, Kentucky. MHS is incorporated in Kentucky.

7. UPS's headquarters and principal place of business are in Atlanta, Georgia. UPS is incorporated in Ohio.

8. No Defendant is a citizen of the same state as Plaintiff, so complete diversity of citizenship exists between Plaintiff and all Defendants. *See* 28 U.S.C. § 1332(a)(1).

9. No Defendant is a citizen of Illinois, the state in which Plaintiff brought her lawsuit. *See* 28 U.S.C. § 1441(b)(2).

10. Plaintiff's Complaint does not specifically identify the amount of damages she seeks to recover in this action. In such a case, "a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Kincaid v. Menard, Inc.*, No. 13 C 7279, 2014 WL 1715503, at *1 (N.D. Ill. April 30, 2014) (quoting *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006)). "Once the defendant in a removal case has established the requisite

amount in controversy, the plaintiff can defeat jurisdiction only if it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Kincaid*, 2014 WL 1715503 at *1 (quoting *Oshana*, 472 F.3d at 511).

11. According to Plaintiff's Complaint, while working on a demolition project on February 8, 2016, Plaintiff's decedent fell from a 22 foot conveyor structure and died as a result of his injuries a day later. *See* Compl. at ¶¶ 11-12. Per Plaintiff's Complaint, Plaintiff's decedent "suffered pecuniary loss by reason of said death and the loss of decedent's society." *Id*. at ¶ 13.

12. Defendants expressly deny that Defendants are liable to Plaintiff under any theory of recovery.

13. However, if Plaintiff could recover from any defendant, Defendants estimate in good faith that the amount required to satisfy Plaintiff's demands in full exceeds $75,000, given the damages that Plaintiff is generally seeking in her Complaint. *See Kincaid*, 2014 WL 1715503 at *1 (quoting *Oshana*, 472 F.3d at 511). Defendants estimate that based on this being a claimed wrongful death of Mr. Cienkus that the reasonable probability is that the amount in controversy exceeds $75,000.00 based on their collective experience in defending wrongful death cases.

14. Therefore, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the parties hereto are completely diverse, meaning that no Defendant is a citizen of the same state as Plaintiff, and Defendants estimate in good faith that the amount-in-controversy, exclusive of interest and costs, exceeds the sum of $75,000.

15. Because this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, this action is removable pursuant to 28 U.S.C. § 1441 and subject to 28 U.S.C. § 1446.

16. As required by 28 U.S.C. § 1446(b), this Joint Notice of Removal is timely filed in this Court within thirty (30) days after service was effected on Defendants.

17. Venue of this removed action is proper pursuant to 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division embracing the place wherein the removed action was pending: the Circuit Court of Cook County, Illinois.

18. Pursuant to 28 U.S.C. § 1441, all Defendants consent to the removal of this action.

19. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Joint Notice of Removal, Defendants will give written notice of this filing to all parties and will file a copy of the Notice of Removal and Exhibit 1 with the Clerk of the Court of the Circuit Court of Cook County, Illinois.

WHEREFORE, Defendants respectfully request that the above-referenced action now pending in the Circuit Court of Cook County, Illinois County be removed to this Court.

Respectfully submitted,

*/s/ Scott C. Bentivenga*

Scott C. Bentivenga, Esq. (Bar No. 6198298)
Michael S. Haggerty, Esq. (Bar No. 6286311)
Joseph M. Mitchell (Bar No. 6309711)
Lewis Brisbois Bisgaard & Smith LLP
550 West Adams Street, Suite 300
Chicago, Illinois 60661
Phone: 312.345.1718
Fax: 312.345.1778
*Counsel for Defendant United Parcel Service, Inc.*

and

*/s/ Timothy M. Palumbo*

Timothy M. Palumbo, Esq. (Bar No. 6190820)
Kopka Pinkus Dolin
200 W. Adams Street, Suite 1200
Chicago, Illinois 60606
Phone: 312.782.9920
Fax: 312.782.9965
*Counsel for Defendant Material Handling Systems, Inc.*

This Notice of Removal has been signed pursuant to Federal Rule of Civil Procedure 11.

*/s/ Scott C. Bentivenga*
Scott C. Bentivenga (Bar No. 6198298)

*/s/ Timony M. Palumbo*
Timothy M. Palumbo (Bar No. 6190820)

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **MARY CIENKUS, INDIVIDUALLY AND AS SPECIAL ADMINISTRATOR OF THE ESTATE OF MATTHEW CIENKUS, DECEASED,** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **Case No.** |
| **MATERIAL HANDLING SYSTEMS, INC., AND UNITED PARCEL SERVICE, INC.** | ) | |
| **Defendants.** | ) | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of December, 2017, I caused the foregoing Joint Notice of Removal to be served via the Court's electronic filing system and by United States first-class mail, postage prepaid, upon the following:

William J. Burke, Esquire
COSTELLO, MCMAHON, BURKE & MURPHY, LTD.
150 North Wacker, Suite 3050
Chicago, Illinois 60606
*Counsel for Plaintiff Mary Cienkus*

/s/ *Monica Loye*