| | |
|---|---|
| 2120-Served | 2121-Served |
| 2220-Not Served | 2221-Not Served |
| 2320-Served By Mail | 2321-Served By Mail |
| 2420-Served By Publication | 2421-Served By Publication |
| **SUMMONS** | **ALIAS SUMMONS** |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

MARY CIENKUS, INDIVIDUALLY AND AS )
SPECIAL ADMINISTRATOR OF THE ESTATE )   2017L011605
OF MATTHEW CIENKUS, DECEASED, )   CALENDAR/ROOM R
                                        )   TIME 00:00
        Plaintiffs, )   PI Other
                                        )   No.
v. )
                                        )   Please serve:
MATERIAL HANDLING SYSTEMS, INC., and )   United Parcel Service, Inc.
UNITED PARCEL SERVICE, INC. )   c/o R/A Illinois Corporation Service Co.
                                        )   801 Adlai Stevenson Drive
       Defendants. )   Springfield, IL 62703

## SUMMONS

To Defendant:

**YOU ARE SUMMONED** and required to file an answer in this case, or otherwise file your appearance in the office of the clerk of this court (located in the Richard J. Daley Center, Room *801, Chicago, IL 60602) within 30 Days after service of this summons, not counting the day of service. **IF YOU FAIL TO DO SO, A JUDGEMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT, A COPY OF WHICH IS HERETO ATTACHED.**

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service, If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

WITNESS ................, 2017

**DOROTHY BROWN**
**CLERK OF CIRCUIT COURT**

NOV 14 2017

Clerk of Court

Date of Service ................, 2017
(To be inserted by officer on copy left
with Defendant or other person)

**Costello, McMahon, Burke & Murphy, Ltd.**
150 N. Wacker Drive, Suite 3050
Chicago, IL 60606
(312) 541-9700
Atty. No. 26146

**EXHIBIT 1**

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

FILED-2
2017 NOV 14 PM 12:31

| | | |
|---|---|---|
| MARY CIENKUS, INDIVIDUALLY AND AS SPECIAL ADMINISTRATOR OF THE ESTATE OF MATTHEW CIENKUS, DECEASED, ) ) ) ) | | |
| Plaintiffs, ) ) | | |
| v. ) ) | No. | 2017L011605 CALENDAR/ROOM R TIME 00:00 PI Other |
| MATERIAL HANDLING SYSTEMS, INC., and UNITED PARCEL SERVICE, INC. ) ) ) | | |
| Defendants. ) | | |

## COMPLAINT AT LAW

NOW COMES the MARY CIENKUS, SPECIAL ADMINISTRATOR OF THE ESTATE OF MATTHEW CIENKUS, DECEASED, by her attorneys, COSTELLO, MCMAHON, BURKE & MURPHY, and complaining of Defendants, MATERIAL HANDLING SYSTEMS, INC. and UNITED PARCEL SERVICE, INC. states as follows:

## ALLEGATIONS COMMON TO ALL COUNTS

1. On and prior to February 8, 2016, defendant, MATERIAL HANDLING SYSTEMS, INC., ("SYSTEMS"), was a foreign corporation whose business included project management and field installation of conveyors and automated sortation systems.

2. On and prior to February 8, 2016, defendant, UNITED PARCEL SERVICE, INC. ("UPS") was a foreign corporation whose business included shipment of goods for hire.

3. On and prior to February 8, 2016, defendant, UPS, owned and operated a warehouse at 150 S. Lombard Street, Addison, IL ("JOBSITE.")

4. Prior to February 8, 2016, defendant, UPS, entered into a contract with SYSTEMS whereby SYSTEMS agreed to act as project manager for the demolition of the existing conveyor and

automated sortation system and for the installation of a new conveyor and automated sortation system at the JOBSITE.

5. Prior to February 8, 2016, defendant, SYSTEMS, entered into a subcontract with MHS TECHNICAL SERVICES, INC. ("MHS") whereby MHS agreed to demolish the existing conveyor and automated sortation system at the JOBSITE.

6. On and prior to February 8, 2016, defendant, UPS, as owner of the premises, was in possession and control of the JOBSITE.

7. On and prior to February 8, 2016, defendant, SYSTEMS, as project manager, was in possession and control of the JOBSITE.

8. On February 8, 2016, Plaintiff's decedent, MATTHEW CIENKUS, was engaged in the demolition of the existing conveyor and automated sortation system at the JOBSITE.

9. On February 8, 2016, Plaintiff's decedent, MATTHEW CIENKUS, was working on a surface with an unprotected side or edge that was 6 feet or more above a lower level.

10. On February 8, 2016, Plaintiff's decedent, MATTHEW CIENKUS, while working on a surface with an unprotected side or edge that was 6 feet or more above a lower level was not protected from falling by the use of guardrail systems, safety net systems, or personal fall arrest systems.

11. On February 8, 2016, Plaintiff's decedent, MATTHEW CIENKUS, fell from a height of approximately 22 feet while engaged in the demolition of the existing conveyor and automated sortation system at the JOBSITE.

12. On February 9, 2016, Plaintiff's decedent, MATTHEW CIENKUS, died as a result of the injuries suffered in the fall described above.

13. MATTHEW CIENKUS, DECEASED, left as his surviving heir, his spouse, MARY CIENKUS, who suffered pecuniary loss by reason of said death and the loss of said decedent's society.

14. MARY CIENKUS, has been appointed Special Administrator of the Estate of MATTHEW CIENKUS, DECEASED, for the purpose of bringing this action pursuant to an order entered by the Circuit Court of Cook County, Illinois. A copy of said order is attached hereto as Exhibit "A".

## COUNT I
### Material Handling Systems, Inc. - Premises Liability

1-14. Plaintiff adopts Common Allegations 1 through 14, as paragraphs 1 through 14 of Count I.

15. On February 8, 2016, as one in possession of the JOBSITE, SYSTEMS owed a duty to exercise reasonable care to protect those lawfully on the JOBSITE against any danger of which it was aware, or, through the exercise of reasonable care, it should have discovered.

16. On February 8, 2016, SYSTEMS, by and through its duly authorized agents and employees, knew or should have known that workers on the JOBSITE were required to work at heights in excess of 20 feet.

17. On February 8, 2016, SYSTEMS, as Project Manager, had a duty to enforce all safety rules and regulations applicable to the work, including those applicable to working at a height of six feet or more.

18. On February 8, 2016, SYSTEMS, assumed a duty by contract with UPS to enforce all safety rules and regulations applicable to the work, including those applicable to working at a

height of six feet or more.

19. On February 8, 2016, SYSTEMS, by and through its duly authorized agents and employees, was guilty of one or more of the following negligent acts or omissions:

   a. failed to exercise ordinary care to see that the JOBSITE was reasonably safe for those working on it;

   b. failed to require that each employee on a working surface with an unprotected side or edge 6 feet or more above a lower level was protected from falling by the use of guardrail systems, safety net systems, or personal fall arrest systems;

   c. failed to provide each employee on a working surface with an unprotected side or edge 6 feet or more above a lower level with a guardrail system, safety net system, or personal fall arrest system.

20. That as a direct and proximate result of one or more of the aforementioned negligent acts or omissions of the defendant, SYSTEMS, MATTHEW CIENKUS, died on February 9, 2016.

WHEREFORE, plaintiff, MARY CIENKUS, ADMINISTRATOR OF THE ESTATE OF MATTHEW CIENKUS, DECEASED, asks judgment against defendant, MATERIAL HANDLING SYSTEMS, INC., in a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS, plus the costs of this suit.

## COUNT II
### Material Handling Systems, Inc. - Failure to Exercise Control

1-14. Plaintiff adopts Common Allegations 1 through 14, as paragraphs 1 through 14 of Count II.

15. That on and prior to February 8, 2016, defendant, SYSTEMS, by and through its agents, servants, and employees:

-4-

    a. was present during the course of construction;

    b. participated in coordinating the work;

    c. designated that various work methods be used, including the designation of safe work practices;

    d. maintained and checked work progress;

    e. participated in the scheduling of the work;

    f. inspected the work methods for safety;

    g. inspected the JOBSITE for safety;

    h. was responsible for the techniques, sequences, procedures, means and coordination of all work;

    i. supervised and directed the work;

    j. ensured that the work was done in a workmanlike fashion;

    k. had the authority to stop the work if it deemed the work was being performed in an unsafe manner, or it deemed the JOBSITE was unsafe, or for any other reason.

16. That at all times material to this complaint, SYSTEMS had a duty to exercise reasonable care in its supervision and control of said JOBSITE, including the provision of a safe place to work for persons such as the plaintiff's decedent, MATTHEW CIENKUS.

17. Notwithstanding said duty, at the stated time and place, the defendant, SYSTEMS, by and through its agents, servants and employees, was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

    a. failed to exercise ordinary care to see that the JOBSITE was reasonably safe for those working on it;

    b. failed to make a reasonable inspection of the

      JOBSITE and the construction taking place thereon when it knew or should have known that said construction was likely to result in the creation of conditions that were hazardous to workers about the JOBSITE;

  c. failed to stop the work when it knew or should have known that the workers were not protected from falling by the use of guardrail systems, safety net systems, or personal fall arrest systems;

  d. failed to properly supervise and coordinate the work being done on the JOBSITE.

18. That as a direct and proximate result of one or more of the aforementioned negligent acts or omissions of the defendant, SYSTEMS, MATTHEW CIENKUS, died on February 9, 2016.

WHEREFORE, plaintiff, MARY CIENKUS, ADMINISTRATOR OF THE ESTATE OF MATTHEW CIENKUS, DECEASED, asks judgment against defendant, MATERIAL HANDLING SYSTEMS, INC., in a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS, plus the costs of this suit.

## COUNT III
### United Parcel Service, Inc. - Failure to Exercise Control

1-14. Plaintiff adopts Common Allegations 1 through 14, as paragraphs 1 through 14 of Count III.

15. That pursuant to its contract with Defendant, SYSTEMS, Defendant, UPS, retained ultimate responsibility for safety of all employees on the JOBSITE.

16. That on and prior to February 8, 2016, defendant, UPS, individually and through its agents, servants, and employees:

  a. was present during the course of construction;

-6-

    b. participated in coordinating the work;

    c. designated that various work methods be used, including the designation of safe work practices;

    d. maintained and checked work progress;

    e. participated in the scheduling of the work;

    f. inspected the work methods for safety;

    g. inspected the JOBSITE for safety;

    h. was responsible for the techniques, sequences, procedures, means and coordination of all work;

    i. supervised and directed the work;

    j. ensured that the work was done in a workmanlike fashion;

    k. had the authority to stop the work if it deemed the work was being performed in an unsafe manner, or it deemed the JOBSITE was unsafe, or for any other reason.

17. That at all times material to this complaint, UPS had a duty to exercise reasonable care in its supervision and control of said JOBSITE, including the provision of a safe place to work for persons such as the plaintiff's decedent, MATTHEW CIENKUS.

18. Notwithstanding said duty, at the stated time and place, the defendant, UPS, by and through its agents, servants and employees, was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

    a. failed to exercise ordinary care to see that the JOBSITE was reasonably safe for those working on it;

    b. failed to make a reasonable inspection of the work being done on the JOBSITE when it knew or should have known that Material Handling Systems, Inc. was not enforcing safety rules applicable to personal fall arrest systems;

    c. failed to require that employees working at a height utilize a personal fall arrest system;

    d. failed to stop the work when it knew or should have known that workers were working at heights in excess of seven feet without personal fall arrest systems;

    e. failed to stop the work being performed by the plaintiff's decedent;

    f. failed to properly supervise the work being done on the JOBSITE.

19. That as a direct and proximate result of one or more of the aforementioned negligent acts or omissions of the defendant, SYSTEMS, MATTHEW CIENKUS, died on February 9, 2016.

WHEREFORE, the plaintiff, MARY CIENKUS, ADMINISTRATOR OF THE ESTATE OF MATTHEW CIENKUS, DECEASED, prays for judgment against the defendant, UNITED PARCEL SERVICE, INC., in a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS, plus the costs of this suit.

Respectfully submitted,

COSTELLO, MCMAHON, BURKE & MURPHY, LTD.

By: _____
        WILLIAM J. BURKE

Atty No. 26146
COSTELLO, MCMAHON, BURKE & MURPHY, LTD.
150 North Wacker, Suite 3050
Chicago, IL 60606
312.541.9700

-8-

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| MARY CIENKUS, INDIVIDUALLY AND AS SPECIAL ADMINISTRATOR OF THE ESTATE OF MATTHEW CIENKUS, DECEASED, ) ) ) ) Plaintiffs, ) ) v. ) ) MATERIAL HANDLING SYSTEMS, INC., and ) UNITED PARCEL SERVICE, INC. ) ) Defendants. ) | No. 2017L011605<br>CALENDAR/ROOM R<br>TIME 00:00<br>PI Other |

## ORDER

This matter coming to be heard upon the Petition to Appoint a Special Administrator, there being no heirs or legatees other than Petitioner, and the Court being advised in the premises,

**IT IS HEREBY ORDERED:**

That Petitioner, MARY CIENKUS, be and hereby is appointed Special Administrator of the Estate of MATTHEW CIENKUS, Deceased, for the purpose of prosecuting a wrongful death cause of action.

_____, 2017

ENTER

_____

Judge        Judge's No.

Atty No. 26146
**COSTELLO, MCMAHON, BURKE & MURPHY, LTD.**
Attorneys for Plaintiff
150 N. Wacker Drive, Suite 3050
Chicago, IL 60606
(312) 541-9700

ENTERED
JUDGE IRWIN J. SOLGANICK-0239
NOV 14 2017
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK



CHS / ALL
Transmittal Number: 17446829
Date Processed: 11/28/2017

# Notice of Service of Process

| | |
|---|---|
| Primary Contact: | SOP UPS - United Parcel<br>SOP - PowerBrief - Wilmington<br>251 Little Falls Dr<br>Wilmington, DE 19808-1674 |
| Electronic copy provided to: | CSC Test<br>Christina Burks<br>Sarah Moore<br>Bishop Martin<br>Jamilah Freeman |
| Entity: | United Parcel Service, Inc.<br>Entity ID Number 2551129 |
| Entity Served: | United Parcel Service, Inc. |
| Title of Action: | Mary Cienkus vs. Material Handling Systems, Inc. |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Wrongful Death |
| Court/Agency: | Cook County Circuit Court, Illinois |
| Case/Reference No: | 2017L011605 |
| Jurisdiction Served: | Illinois |
| Date Served on CSC: | 11/28/2017 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | William J. Burke<br>312-541-9700 |
| Client Requested Information: | Matter Type: Wrongful Death |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

| | |
|---|---|
| 2120-Served | 2121-Served |
| 2220-Not Served | 2221-Not Served |
| 2320-Served By Mail | 2321-Served By Mail |
| 2420-Served By Publication | 2421-Served By Publication |
| **SUMMONS** | **ALIAS SUMMONS** |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

MARY CIENKUS, INDIVIDUALLY AND AS )
SPECIAL ADMINISTRATOR OF THE ESTATE )
OF MATTHEW CIENKUS, DECEASED, )
                                                   )         2017L011605
              Plaintiffs,                       )         CALENDAR/ROOM R
                                                   )         TIME 00:00
                                                   )         PI Other
                                                   )  No.
v.                                                )
                                                 )  Please serve:
MATERIAL HANDLING SYSTEMS, INC., and )  Material Handling Systems, Inc.
UNITED PARCEL SERVICE, INC.           )  c/o R/A Business Filings, Inc.
                                                 )  118 W. Edwards St., Ste. 200
             Defendants.                  )  Springfield, IL 62704

## SUMMONS

To Defendant:

**YOU ARE SUMMONED** and required to file an answer in this case, or otherwise file your appearance in the office of the clerk of this court (located in the Richard J. Daley Center, Room *801, Chicago, IL 60602) within 30 Days after service of this summons, not counting the day of service. **IF YOU FAIL TO DO SO, A JUDGEMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT, A COPY OF WHICH IS HERETO ATTACHED.**

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

WITNESS OF CIRCUIT COURT...., 2017

**DOROTHY BROWN**

NOV 14 2017

Clerk of Court

Costello, McMahon, Burke & Murphy, Ltd.
150 N. Wacker Drive, Suite 3050
Chicago, IL 60606
(312) 541-9700
Atty. No. 26146

Date of Service ..............., 2017
(To be inserted by officer on copy left with Defendant or other person)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

 CT Corporation

**Service of Process Transmittal**
11/28/2017
CT Log Number 532374535

**TO:** Registered Agent Department
Business Filings Incorporated (Recipient Account Only)
8020 Excelsior Dr Ste 200
Madison, WI 53717-1998

**RE: Process Served in Illinois**

**FOR:** MATERIAL HANDLING SYSTEMS, INC. (Domestic State: KY)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Mary Cienkus, Individually and as Special Administrator of the Estate of Matthew Cienkus, Deceased, Pltf. vs. MATERIAL HANDLING SYSTEMS, INC. and United Parcel Service, Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Order |
| **COURT/AGENCY:** | Cook County Circuit Court, Law Division, IL<br>Case # 2017L011605 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition - 02/08/2016 |
| **ON WHOM PROCESS WAS SERVED:** | Business Filings Incorporated, Springfield, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/28/2017 at 11:06 |
| **JURISDICTION SERVED:** | Illinois |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service (not counting the day you received it) |
| **ATTORNEY(S) / SENDER(S):** | Costello, McMahon, Burke & Murphy, Ltd.<br>150 N. Wacker Drive, Suite 3050<br>Chicago, IL 60606<br>312-541-9700 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 11/29/2017, Expected Purge Date: 12/04/2017<br><br>Image SOP<br><br>Email Notification, Registered Agent Department ctsop@bizfilings.com |
| **SIGNED:** | Business Filings Incorporated |
| **ADDRESS:** | 118 W Edwards St Ste 200<br>Springfield, IL 62704-1927 |
| **TELEPHONE:** | 217-522-4441 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.